[File No. 5917.]

ANNIE LACEY, Appellant, v. SECURITY FINANCE & REALTY COMPANY, and M. B. Witt, Respondents.

(237 N. W. 655.)

Opinion filed July 6, 1931.

*E. A. Weston,* for appellant.

*J. E. Hendrickson,* for respondent.

BIRDZELL, J. This is an action by the plaintiff to recover from the defendants $100 earnest money which had been paid as a part of a proposal by the plaintiff for the purchase of a house from the defendants in the city of Fargo. The house was owned by one Lemna and was purchased by the plaintiff through a real estate agent. The cause was tried in the district court of Cass county, the jury rendering a verdict for the plaintiff. The court later granted the defendants' motion for judgment notwithstanding the verdict and the instant appeal is from such judgment. The principle contention of the plaintiff is that there is evidence to support the verdict. The evidence relied upon is to the effect that the money was paid to the defendant Witt, who was acting for the Security Finance & Realty Company, with the understanding that it was to be repaid to the plaintiff if the defendants did not succeed in obtaining the house in question upon the terms mentioned in the proposed agreement, and that the evidence shows that the defendants were unable to obtain a transfer to the plaintiff upon these terms but that the plaintiff ultimately acquired title through the intervention of one Watkins, another agent. From this it is argued that there was both a failure of consideration, inasmuch as the earnest money was not applied upon the cash payment as agreed, and a breach of the express promise to return the money upon the defendants' inability to perform. If we may properly interpret the evidence in the record as substantially tending to establish these ultimate facts, the evidence would, of course, support the verdict. Such facts will doubtless find support in the record if a partial view only be taken, but when all the testimony is considered we think it does not tend substantially to support the plaintiff's view.

In the spring of 1930 the plaintiff desired to purchase a house in Fargo. She availed herself of the services of the defendants who showed her different properties. Under date of April 29th she signed a proposal for the purchase of the property briefly described as No. 717 Fifth Street North for a consideration of $5,500, proposing to pay $2,000 cash, the balance of $3,500 to be secured by a mortgage on the property, her offer to be accepted on or before the 10th of May, 1930. The proposal recited "I hereby hand you the sum of $100 as earnest money which is to be deducted from the cash down payment." The evidence shows that Watkins, another real estate man, also showed her

this property and that the plaintiff went to the office of her attorney and after some negotiation in which the attorney, the plaintiff, Watkins and the defendant Witt took part she closed the deal, accepting conveyance from the owner Lemna. Her earnest money payment was known to all the parties at the time. The price and terms quoted by Watkins were the same as contained in her proposal to the defendants and the deal was closed on the basis of $5,400. Thus the plaintiff received the benefit of the $100 payment. We think the record indisputably shows this to be the fact. The plaintiff, referring to the manner in which she had received the title to the property in question and the terms, testified as follows:

"Q. This transfer, and the whole deal was closed within ten days after you signed this agreement (her proposal to purchase), was it not? A. I think so.

Q. And the price that you had gotten from Mr. Witt *or anyone else* who had this listed for sale was $5,500? A. Yes.

Q. And the price that was quoted you by Mr. Witt of the Security Finance & Realty Company was $5,500? A. Yes.

Q. And you were to pay $2,000 cash; was it not? A. Yes.

Q. And assume a mortgage on the property? A. Yes.

Q. Of $3,500? A. Yes.

Q. And you were to have, of course, clear title? A. Yes.

Q. Within ten days of the making of this agreement that is just what took place, this Mr. Lemna deeded to you, did he not? A. Watkins.

Q. Watkins didn't own this property? A. No.

Q. The deed is from Mr. Lemna to you? A. Yes.

Q. And it carries out the exact terms and conditions as set out in this agreement, isn't that true? A. Yes.

Q. And you paid him *the balance* of the purchase price? A. Yes.

Q. $5,400? A. Yes."

She then testified that she did not deduct the $100 she had paid the defendant Witt but that she nevertheless paid $5,400. Watkins testified that the price he quoted Mrs. Lacey was $5,500 and when asked if the consideration was $5,500 he said, "Well the consideration that

was asked her was $5,500, but the consideration we sold it for was $5,400."

In light of the plaintiff's testimony and of the dispute existing between Watkins and Witt, Watkins' statement that "the consideration *we* sold it for was $5,400" is a recognition that since the plaintiff had already paid $100 toward the purchase price to another she should not be required to pay it a second time. There is in this record no evidence of any contract whereby Mrs. Lacey was to become the owner of the property in question for a price less than $5,500. The evidence shows that she obtained the property for this price which includes the $100 in question. In other words, the evidence shows that the earnest money payment which was to be applied to reduce her cash payment was in fact so applied. Hence, it shows that she has no cause of action for its recovery.

The judgment appealed from is affirmed.

CHRISTIANSON, Ch: J., and NUESSLE, BURR, and BURKE, JJ., concur.